Seawell, J.
delivered the opinion of a majority of the Court:
The present action is brought for a breach of defendant’s agreement, to which the defendant has pleaded, the ‘general issue and act of limitation.’ The agreement which the plaintiff exhibits is a letter written by the defendant to the plaintiff, in which the defendant states, that he will guarantee any contract which one Fleury may make with the plaintiff for a vessel and cargo, or any part thereof. Fleury makes a contract for the vessel and cargo, payable in instalments, the last of which was within three years of the commencement of the present action. And the defence relied upon is, that Fleury was able to have complied with his own engagement if the plaintiff had used due diligence, but that he is now, and has been for some time, insolvent; and that the loss should be borne by the plaintiff, who might by proper vigilance have obtained payment from Fleury.
In the opinion of a majority of the Court, the case is completely stripped of all difficulty by examining what was the nature and extent of the guaranty. It was not, as seems to be supported by the argument, that Fleury should be able to comply with any contract he might make; but that he should comply. The defendant, therefore, to all legal consequences, became pledged, absolutely to the same extent that Fleury was bound, as soon as the plaintiff parted with his property; for it is apparent, from the terms in which the letter is written, that it was the defendant who was principally relied on. And as to the failure of Fleury, that was an event which it was incumbent on the defendant to guard against; and it behoved him, to hasten the plaintiff, or make such other provision for his own safety as Fleury’s circumstances would afford. But as to the plaintiff, he had from the beginning provided against that, by requiring some other person to be bound to him, who should be able to make good the contract of Fleury, though Fleury himself might *585 fail. That the extent of the defendant’s liability, as to every consequence in law, was the same as it he had himself signed the obligations which Fleury executed to the plaintiff; and that if his situation as a surety, or warrantor was to avail him any thing, he must himself, entertain and express an anxiety that suit should be brought against Fleury, otherwise the plaintiff need not; for indeed the fact may be, that the plaintiff considered the defendant and Fleury equally interested in the purchase, as a joint concern. As to the act of limitation, that is out of the question. The plaintiff could maintain but one action upon the agreement, and to have the full benefit of it, he must wait till the last failure of Fleury. Upon the whole, we think there is not the least analogy between this case and those which were cited for defendant.
The guaranty made by an endorser is a conditional one, this an absolute one. The guaranty that the purchaser of cotton should be indemnified upon a resale, can only be understood to mean an engagement that the price of the article shall be such, that if the purchaser chooses, he may have an opportunity of saving himself. The engagement in the present case to be analogous to those, must be, that defendant guaranteed Fleury should be able to comply with his engagement. He has however thought proper to warrant that he should comply, and, consequently, as Fleury has failed, the defendant is bound to perform his own; and therefore there must be judgment for the plaintiff.
Taylor, C. J.
I formerly considered this case upon the whole statement, and made up an opinion when it was usual for the Court to pronounce upon the record as sent up, without distinguishing, as we now do, between questions of law and those cases which contain only evidence or facts exclusively belonging to a jury. From the view I have taken, of the case, it does not appear to me within our jurisdiction ; as it presents only the question, whether the debt has been *586 lost by the want of diligence in the plaintiff; and though, this is sometimes called in the books a mixed question of law and fact, and more frequently a question of law, yet I believe that the practice of this State has, with much uniformity, treated it as a question of fact to be decided by the jury. My brothers think that the character of this contract excludes the question, and that the defendant is bound to make good Fleury’s engagement, to the same extent as if he had signed the notes himself. I am of opinion that there is a distinction founded in justice and recognized by law, between an original debtor and a surety or guarantee; and that whenever a contract is shown in Court, which upon the face of it, exhibits the defendant in the character of a surety, certain principles immediately apply to it; one of which imposes on the creditor the duty of showing that nothing has been done on his part tending to exonerate the principal and burthen the security.
Upon a joint and several bond, although one of the parties may in truth be a surety, yet in a court of law both are principals, because there is no way of getting at the transaction. But take the same case into a court of equity, and a difference will be made between the principal and surety ; for if it can be shown that any act has been done by the obligee that may injure the surety, the Court will lay hold of it in favour of the surety.—4 Vesey, jr. 824. 2 Bro. Ch. Ca. 578. 2 Vesey, jr. 540.
In the case before us, the true nature of the relation between the defendant and the plaintiff is shown by the letter; and if upon the question being submitted to a jury, they should be of opinion that the plaintiff might have recovered his debt from him who was benefited, by the contract, and that the loss was occasioned by the plaintiff’s want of diligence, I should think he ought to bear it. For, to use the language of Lord Loughborough, in a case depending on the same principles, “ it is a breach of the obligation in con *587 science and honesty, and it is not too much to say of that objection in point of law.”—Nesbit v. Smith. 2 Bro. Ch. Ca. 578. By a guaranty I understand a contract of indemnity which binds the party who gives it, only in default in him for whose benefit it is given. And from, the nature of such a contract it results, that the debtor must be resorted to in the first instance.
In respect to the degree of diligence, that must depend on the circumstances of each case; and though I am not disposed to think that the strict rules relative to bills of exchange are applicable to this case, yet I am persuaded that the justice on which such rules are founded ought to have a correspondent effect wherever a man is sued for a debt for which he was not originally liable. The plaintiff in this case has considered the contract in the same light; for he has received part payment from Fleury, and prosecuted a suit for the residue.